UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 01-282

JOHNNY DAVIS                            SECTION "R"

### ORDER AND REASONS

Before the Court are petitioner Johnny Davis' motion to amend petition under 28 U.S.C. § 2255 and his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court GRANTS in part and DENIES in part the motion for leave to amend and DENIES the motion to vacate, set aside, or correct sentence.

**I. BACKGROUND**

On October 12, 2001, a federal grand jury indicted Johnny Davis and others for allegedly committing various federal crimes, including conspiracy to distribute heroin, conspiracy to distribute heroin using juveniles, and conspiracy to carry

firearms.  The grand jury also charged Davis with using a firearm to further the drug trafficking conspiracy and, in doing so, murdering four people.  On September 5, 2002, the grand jury returned a second superseding indictment for violations of the Federal Gun Control Act and the Federal Controlled Substances Act, charging Johnny Davis and others with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); conspiracy to distribute heroin using juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); and conspiracy to carry firearms in furtherance of the conspiracy in violation of 18 U.S.C. § 924(o) (Count Three).  Davis was also charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Counts Five, Seven, Nine, and Eleven).  Lastly, Davis was charged with using a firearm to further the alleged drug trafficking conspiracy in violation of 18 U.S.C. § 924(c)(1) and, in doing so, causing the deaths of four people in violation of 18 U.S.C. § 924(j) (Counts Four, Six, Eight, and Ten).  Davis and others went to trial on the charges set forth in the second superseding indictment.

On May 14, 2003, a jury found Davis guilty of Counts One, Two, Three, Six, Seven, Eight, Nine, Ten, and Eleven, but acquitted him on Counts Four and Five.  On September 17, 2003,

the Court sentenced Davis to a term of life imprisonment as to Counts One, Six, Eight, and Ten; to a term of 720 months imprisonment as to Count Two; to a term of 120 months imprisonment as to Counts Seven, Nine, and Eleven; and to a term of 240 months as to Count Three, all terms to run concurrently. Davis then filed a timely notice of appeal. On March 7, 2005, the Fifth Circuit Court of Appeals affirmed petitioner's convictions. *See United States v. Davis*, 124 Fed. Appx. 838 (5th Cir. 2005). The Supreme Court denied Davis' petition for writ of certiorari on October 3, 2005. *See Davis v. United States*, 126 S.Ct. 129 (2005).

Petitioner now moves the Court to vacate, set aside, or correct his sentence under Section 2255. Specifically, Davis asserts the following claims: (1) appellate counsel was ineffective for failing to raise an argument based on *United States v. Booker*, 543 U.S. 220 (2005), in a petition for rehearing en banc or petition for writ of certiorari; (2) trial counsel failed to present essential witnesses in Davis' defense; (3) trial counsel failed to object to several errors; (4) appellate counsel "failed to raise claims"; (5) certain wiretaps violated Davis' constitutional rights; and (6) trial counsel failed to object to "several PSI issues." (R. Doc. 965). Davis also states: "All grounds not previou[s]ly [] presented is due to

3

ineffective counsel at trial and on appeal, and in the writ of Cert." (*Id.*). Petitioner also requests leave to amend his petition to narrow claims raised in his original petition and to add one claim. The Court rules as follows.

## II. DISCUSSION

### A. Timeliness

Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. This Court received petitioner's motion for habeas relief on September 18, 2006, which was within one year after petitioner's conviction became final by virtue of the Supreme Court's denial of Davis' petition for writ of certiorari. Petitioner therefore timely filed his Section 2255 petition.

**B.   Motion to Amend Petition**

At the time Davis filed his original Section 2255 petition, he also filed a motion for an extension of time to file his memorandum in support of his petition.  On November 14, 2006, the Court denied Davis' motion, but did grant him an additional three weeks to supplement his claims because he filed his original petition three weeks before AEDPA's one-year deadline.  (R. Doc. 974).  Davis did not supplement his claims during this three-week period.  On January 17, 2007, Davis filed a motion to amend his petition.  In the motion, Davis seeks to "remove the generalization of the grounds listed . . . to specifically state what 'errors' left trial counsel and appellate counsel ineffective."  (R. Doc. 982).  Davis asserts that this amendment is appropriate because it relates back to the claims raised in his original petition.  In the motion to amend, Davis also "avers the Court lacked jurisdiction which can be raised at any time."  (*Id.*).

The government concedes, and the Court finds, that petitioner is permitted to amend his original petition as to his ineffective assistance of counsel claims because they arise out of the same conduct set forth in the original petition.  *See generally* 28 U.S.C. § 2242; FED. R. CIV. P. 15(c), 81(a)(2).  By contrast, the government contends that leave to amend is

inappropriate as to petitioner's lack of jurisdiction claim because it does not relate back to any of the claims asserted in Davis' original petition. In *Mayle v. Felix*, the Supreme Court held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." 545 U.S. 644, 650 (2005). Here, Davis failed to raise any challenge to the Court's jurisdiction in his original petition. Furthermore, Section 2255 explicitly states that post-conviction challenges to a federal court's jurisdiction are subject to AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . A 1-year period of limitation shall apply to a motion under this section."). The Court therefore denies petitioner's motion to amend his petition to the extent that he seeks to add a lack of jurisdiction claim as that claim is time-barred under Section 2255.

**C.   Petitioner's Claims**

   *1.   Ineffective Assistance of Counsel*

To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697. The Fifth Circuit has held that trial counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A district court should not "find inadequate representation merely because, with the benefit of hindsight," the court disagrees with trial counsel's strategic choices. *Id.* The Fifth Circuit has made it clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id.* (citing *Garland v.*

7

*Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). The Fifth Circuit applies the same standard for ineffective assistance of counsel to trial and appellate counsel. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993). With these principles in mind, the Court considers petitioner's allegations of ineffective assistance of counsel.

Davis first contends that his appellate counsel "was ineffective for failing to raise Booker Violation as requested by Movant." (R. Doc. 965). More specifically, he states:

> After Movant was convicted, the Jury, during the penalty phase, stated that defendant should receive some other sentence than life. Movant raised pursuant to Apprendi and Ring that he should not receive life. The Court denied it and sentenced movant according to the guidelines to life. After the appeal was denied movant request[ed] that Counsel raise Booker in his *Rehearing en banc and Writ of Cert*.

(*Id.*) (emphasis added). The Fifth Circuit recently stated that "absent extraordinary circumstances, we will not consider *Booker* issues raised for the first time in a petition for rehearing." *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005) (citing *United States v. Hernandez-Gonzalez*, 405 F.3d 260 (5th Cir. 2005)). The court also concluded that "[i]t would be illogical . . . absent exceptional circumstances, to consider an argument raised for the first time in a petition for certiorari .

. . ." *Id.* Moreover, the Fifth Circuit has found that "[c]ounsel is not deficient for failing to raise every meritorious claim that may be pressed on appeal." *Green v. Johnson*, 116 F.3d 1115, 1125-26 (5th Cir. 1997). In light of these holdings, this Court concludes that the performance of Davis' appellate counsel was not deficient under *Strickland* because of the failure to raise a Booker claim for the first time in a petition for rehearing en banc or in a petition for writ of certiorari.

Davis next asserts that his assistance of counsel was ineffective in the following ways: "Counsel, during trial failed to pres[]ent essential witnesses in Movant's defense"; "Counsel at trial failed to object to several errors"; "Counsel on appeal failed to raise claims"; and "Counsel failed to object to several PSI issues." (R. Doc. 965). In amending his petition as to these ineffective assistance of counsel claims, Davis essentially withdraws these claims by moving the Court to "remove the generalization of the grounds listed." (R. Doc. 982). In any event, Davis fails to present any specific facts that would support his general descriptions of the ineffective assistance that he allegedly received. Thus, the Court cannot find that petitioner has carried his burden to show either prong of the *Strickland* test. Petitioner's ineffective assistance of counsel

9

claims must be denied.

      *2.   Unconstitutional Wiretaps*

Davis also contends that "[t]he wire taps were in violation of petitioner's constit[ut]ional rights." (R. Doc. 965). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)). Claims that have been raised and considered on direct appeal may be dismissed without reconsideration of the merits when rehashed again in a collateral attack unless immediate disposal of the issue would be a disservice to the ends of justice. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed on in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

The Government submits, and this Court agrees, that this basis for Section 2255 relief constitutes nothing more than an attempt to raise the same issue that was raised on direct appeal, and that the claim is therefore procedurally barred. *See id.*

The record reflects that Davis' contention that the "wire taps were in violation of petitioner's constitutional rights" was addressed and rejected by the Fifth Circuit.  *See Davis*, 124 Fed. Appx. at 840-43.  Accordingly, this claim is rejected as it is procedurally barred.

### 3.    Lack of Jurisdiction

Finally, the Court notes that even if petitioner's lack of jurisdiction claim had been timely filed, it would have nevertheless been dismissed as it is procedurally barred.  "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'"  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).  Here, petitioner baldly asserts that "[a]ll grounds not previou[s]ly [ ] presented is due to ineffective counsel at trial and on appeal, and in the writ of Cert."  (R. Doc. 965).  This conclusory allegation, with no factual support, is insufficient grounds on which the Court can find either cause or prejudice for the failure to raise the jurisdictional issue on direct appeal.  The claim is therefore procedurally defaulted.  Moreover, the claim is patently without merit.  Petitioner relies on the government's use of the phrase

"had such killing taken place within the territorial or maritime jurisdiction of the United States" in its opposition brief. (R. Doc. 1001). This argument is misplaced, as the government was merely quoting the exact language used in U.S.S.G. § 2D1.1(d)(1); it was not offering any comment as to the jurisdiction of this Court to adjudicate Davis' offenses. Davis provides no other support for his jurisdictional challenge, and the Court finds none.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part petitioner's motion to amend his Section 2255 petition, and DENIES petitioner's Section 2255 motion to vacate, set aside, or correct the sentence. Petitioner's application for post-conviction relief must be DISMISSED with prejudice.

New Orleans, Louisiana, this 30th day of July, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE