UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 01-282

JOHNNY DAVIS                                SECTION "R"

### ORDER AND REASONS

Before the Court is petitioner's motion to reconsider this Court's denial of his petition for *habeas corpus*. For the reasons set forth below, petitioner's motion for reconsideration is DENIED.

**I. BACKGROUND**

Petitioner Johnny Davis filed his federal *habeas corpus* petition on September 18, 2006. In his petition, he claimed that: (1) appellate counsel was ineffective for failing to raise an argument based on *United States v. Booker*, 543 U.S. 220 (2005), in a petition for rehearing en banc or petition for writ of certiorari; (2) trial counsel failed to present essential witnesses in Davis' defense; (3) trial counsel failed to object to several errors; (4) appellate counsel "failed to raise claims"; (5) certain wiretaps violated Davis' constitutional rights; and (6) trial counsel failed to object to "several PSI issues." (R. Doc. 965). This Court denied the petition on July 30, 2007. On August 20, 2007, petitioner filed a motion to

reconsider the denial of his *habeas corpus* petition pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**II.  DISCUSSION**

A district court has considerable discretion to grant or to deny a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Movant must satisfy at least one of the above criteria to prevail.  Here, petitioner asks the Court to reconsider its

2

dismissal of his claims based on the ineffective assistance arguments already set forth, and rejected, in his original *habeas* petition.  (R. Doc. 965).  Petitioner therefore has failed to satisfy any of the above criteria.  The Court denies petitioner's motion.


New Orleans, Louisiana, this 29th day of August, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE