```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO. 01-282

JOHNNY DAVIS                                     SECTION "R"


### ORDER AND REASONS

This matter is before the Court to determine whether a certificate of appealability should be issued on petitioner Johnny Davis' *habeas* claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b).  For the following reasons, the Court DENIES the motion.

I.   PROCEDURAL BACKGROUND

On October 12, 2001, a federal grand jury indicted Johnny Davis and others for allegedly committing various federal crimes, including conspiracy to distribute heroin, conspiracy to distribute heroin using juveniles, and conspiracy to carry firearms.  The grand jury also charged Davis with using a firearm to further the drug trafficking conspiracy and, in doing so,

murdering four people.  On September 5, 2002, the grand jury returned a second superseding indictment for violations of the Federal Gun Control Act and the Federal Controlled Substances Act, charging Johnny Davis and others with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); conspiracy to distribute heroin using juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); and conspiracy to carry firearms in furtherance of the conspiracy in violation of 18 U.S.C. § 924(o) (Count Three).  Davis was also charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Counts Five, Seven, Nine, and Eleven).  Lastly, Davis was charged with using a firearm to further the alleged drug trafficking conspiracy in violation of 18 U.S.C. § 924(c)(1) and, in doing so, causing the deaths of four people in violation of 18 U.S.C. § 924(j) (Counts Four, Six, Eight, and Ten).  Davis and others went to trial on the charges set forth in the second superseding indictment.

    On May 14, 2003, a jury found Davis guilty of Counts One, Two, Three, Six, Seven, Eight, Nine, Ten, and Eleven, but acquitted him on Counts Four and Five.  On September 17, 2003, the Court sentenced Davis to a term of life imprisonment as to Counts One, Six, Eight, and Ten; to a term of 720 months

imprisonment as to Count Two; to a term of 120 months imprisonment as to Counts Seven, Nine, and Eleven; and to a term of 240 months as to Count Three, all terms to run concurrently. Davis then filed a timely notice of appeal.  On March 7, 2005, the Fifth Circuit Court of Appeals affirmed petitioner's convictions. *See United States v. Davis*, 124 Fed. Appx. 838 (5th Cir. 2005).  The Supreme Court denied Davis' petition for writ of certiorari on October 3, 2005. *See Davis v. United States*, 126 S. Ct. 129 (2005).

   Petitioner filed his federal *habeas corpus* petition on September 18, 2006.  In his petition, he claimed that: (1) appellate counsel was ineffective for failing to raise an argument based on *United States v. Booker*, 543 U.S. 220 (2005), in a petition for rehearing en banc or petition for writ of certiorari; (2) trial counsel failed to present essential witnesses in Davis' defense; (3) trial counsel failed to object to several errors; (4) appellate counsel "failed to raise claims"; (5) certain wiretaps violated Davis' constitutional rights; and (6) trial counsel failed to object to "several PSI issues."  (R. Doc. 965).  This Court denied the petition on July 30, 2007.  On August 20, 2007, petitioner filed a motion to reconsider the denial of his *habeas corpus* petition, which the Court denied on August 29, 2007.  Davis now moves for a

certificate of appealability on these issues.

**II.   DISCUSSION**

The Court may not issue a certificate of appealability here because Davis has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).

Davis raises nothing new in this motion.  Having reviewed its July 31, 2007 Order dismissing petitioner's claims, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues. Accordingly, the Court finds that a certificate of appealability should not issue.

New Orleans, Louisiana, this 27th day of November, 2007.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE